IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION
AT JACKSON

**Kimberly Price,**
    **Plaintiff,**

vs.                                                                          No.: 1:23-cv-01205

**Toyota Motor Engineering & Manufacturing North America, Inc.,**
and
**The Lincoln National Life Insurance Company,**

    **Defendants.**

## COMPLAINT

**COMES NOW** your plaintiff, Kimberly Price, and by and through counsel and sues the defendants, Toyota Motor Engineering & Manufacturing North America, Inc., and The Lincoln National Life Insurance Company, and for cause states and shows to this Honorable Court as follows:

    1.     The plaintiff is a resident of Jackson, Madison County, Tennessee.

    2.     That at all times herein mentioned, Toyota Motor Engineering & Manufacturing North America, Inc. with its principal place of business in the State of Texas. The defendant is authorized to do business in the State of Tennessee. The policy which is the subject of this

litigation was written and entered in the State of Tennessee. The agent for service of process is CT Corporation Systems; The Lincoln National Life Insurance Company, with its principal place of business in the State of Indiana. The defendant is authorized to do business in the State of Tennessee. The agent for service of process is the Commissioner of the Tennessee Department of Commerce and Insurance.

3. This Court has jurisdiction pursuant to 28 USC § 1332(a). There is diversity of citizenship between the parties and the amount in controversy exceeds $100,000.00. Therefore, diversity exists in this cause of action. Moreover, this Court has jurisdiction by virtue of the Employee Retirement and Income Security Act of 1974;

4. This is a civil action to recover long-term disability benefits pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (herein ERISA);

5. The plaintiff, by virtue of her employment with Toyota was provided a Short/long-term disability policy with the defendants. The claim number is 14311902;

6. On May 28, 2023, the plaintiff was short- term disability benefits under this policy due to numerous medical disabilities, including but not limited to, lupus, depression and unintentional weight loss ;

7. The Plaintiff was denied Short Term Benefits on May 28,2023;

8. On July 25 ,2023, the plaintiff timely appealed the decision;

9. On August 5,2023 the defendant wrote the plaintiff a letter acknowledging an appeal of termination of his short-term disability benefits;

10. On or about August 16, 2023, the defendant requested additional time to review the file as well as for additional medical records;

12. On or about September 9, 2023, the defendant wrote a letter to the plaintiff' affirming the decision to terminate his short-term disability benefits;

13. The plaintiff has been **"DISABLED"** pursuant to the terms of the policy and eligible for disability benefits since the termination date due to the medical conditions from which she suffers;

14. The plaintiff has appealed all administrative denials and has exhausted administrative remedies. The letter dated September 9, 2023 states: "At this time, Lincoln has concluded their review and your claim has been closed ."

15. The plaintiff's condition renders her **"DISABLED"** as defined under **"DEFINITION OF DISABILITY"** under the group policy which is the subject of this litigation;

16. The defendant has failed to pay benefits for said policy and plans of benefits currently amounting to 66 2/3 of her gross income for each month she is unable to engage in substantial gainful activity;

17. There will be additional benefits accruing after filing this lawsuit as the plaintiff remains disabled;

18. The defendant's denial of disability benefits is arbitrary and capricious as defined by the Sixth Circuit case law governing ERISA claims.

**WHEREFORE,** the plaintiff prays for judgment against the defendant for all approved benefits, for any months she is disabled under the policy, for prejudgment and post-judgment interest, for future benefits, for attorney fees, discretionary cost and any other relief the Court deems just and proper under the circumstances pursuant to 502(a)(1)(B) or in the alternative 502(a)(3).

Respectfully submitted,

<u>/s/ John E. Dunlap</u>
John E. Dunlap (013223)
Attorney for the Plaintiff
3340 Poplar Ave Ste 320
Memphis, Tennessee 38111
(901) 320-1603
(901) 320-6914
jdunlap00@gmail.com